UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WIRNEY MULET,

    Plaintiff,

v.                                        Case No. 8:24-cv-1022-CEH-SPF

MODERN POOL CAGE PAINTING,
LLC, and EVIS PINA GARCIA,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

In this Fair Labor Standards Act ("FLSA") case, Plaintiff Wirney Mulet sues Defendants Modern Pool Cage Painting, LLC ("Modern Pool") and Evis Pina Garcia ("Garcia") for unpaid overtime wages (Doc. 1). Before the Court is Defendants' Motion to Dismiss for Fraud Upon the Court and Entitlement to Attorney Fees (Doc. 16). Plaintiff filed a response in opposition to Defendants' motion (Doc. 17). Upon consideration, the undersigned recommends that Defendants' motion to dismiss be DENIED.

**I.     BACKGROUND**

From approximately March 2021 through May 2023, Plaintiff was employed by Defendants as a swimming pool/roofing worker (Doc. 1 at ¶¶ 11–12). During this time, Plaintiff alleges that he worked in excess of 40 hours per week and was not compensated for it, in violation of the FLSA (*Id.* at ¶¶ 13, 17, 18). In particular, Plaintiff alleges that he worked "on average" 60 hours per week and that Defendants failed to keep proper

time records tracking the hours he worked (*Id.* at ¶¶ 13, 19).  As a result, Plaintiff seeks overtime wages and liquidated damages (*Id.* at ¶ 21).  In the alternative, Plaintiff alleges that Defendants breached an employment agreement by failing to pay him the overtime wages owed (*Id.* at ¶¶ 22–27).

Now, Defendants move to dismiss Plaintiff's Complaint for fraud upon the Court, arguing that Plaintiff has never worked any overtime, has been compensated for all hours worked, and initiated this frivolous action in bad faith in an act of revenge (Doc. 16).  In support of this assertion, Defendants attach the declarations of 43 employees representing that they have never worked more than 40 hours per week during the course of their employment with Defendants (Docs. 16-4–16-46).  Defendants also attach the declaration of Defendant Evis Pina Garcia, who represents that he terminated Plaintiff's employment for suspected theft and that Plaintiff threatened to sue him if he terminated his employment (Doc. 16-2).  Mr. Pina's declaration also states that after Plaintiff filed this lawsuit, he sent Mr. Pina a text message stating: "I filed a lawsuit against you for how poorly you behaved last time we saw each other.  In front of all the workers, you treated me like trash and a thief.  You sided with Eric, who you don't even know what he does behind your back." (*Id.*; Doc. 16-3).  Defendants also request an award of attorney's fees for Plaintiff's bad faith conduct.

Plaintiff responds that Defendants do not meet the onerous standard for dismissal based on fraud upon the Court.  Instead, Plaintiff argues that Defendants merely "believe [they] have many witnesses and a defense to Plaintiff's claims" (Doc. 17 at 6).

Moreover, Plaintiff notes that Defendants have failed to attach payroll records, timecards, or paystubs to substantiate their assertion.

## II.    DISCUSSION

The Court has an inherent power to regulate litigation and impose sanctions, including dismissal. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). Consistent with the Supreme Court's warning to exercise this authority "with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), the Eleventh Circuit has made clear that "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Although the term "bad faith" is nebulous, it may take several forms in litigation:

> First, bad faith may be found where the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled. Second, bad faith may be found where a party delays or disrupts the litigation, or hampers the enforcement of a court order. Third, the Eleventh Circuit has stated that bad faith may be found where an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.

*Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (internal citations omitted).

A finding of fraud on the court, however, is reserved for "'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated[.]'" *Patterson v. Lew*, 265 F. App'x 767, 768 (11th Cir. 2008) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338

3

(5th Cir. 1978)[1]). There must be clear and convincing evidence of an "unconscionable plan designed to improperly influence the court in its decision." *Johnson v. Law Offices of Marshall C. Watson, PA*, 348 F. App'x 447, 448 (11th Cir. 2009); *see also Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) ("A 'fraud on the court' occurs where it can be demonstrated . . . that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."). False statements in affidavits, depositions, and sworn statements do not constitute bad faith unless "there is other evidence in the record indicating that the statements were made for a harassing or frivolous purpose." *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 842 (11th Cir. 2009) (alterations adopted); *see also Bassett v. Wal-Mart Stores East, LP*, No. 18-61984-CIV, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019) ("[P]erjury, however reprehensible, typically 'does not constitute fraud on the court.'") (quoting *SEC v. E.S.M. Grp., Inc.*, 835 F.2d 270, 273–74 (11th Cir. 1988)).

Accordingly, to impose the extreme sanction of dismissal with prejudice, a court must find by clear and convincing evidence that: (i) Plaintiff acted in bad faith; (ii) Defendant was prejudiced by this conduct; and (iii) lesser sanctions would not adequately serve the goals of punishment and deterrence. *Cottingham v. Wal-Mart Stores*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

*East, L.P.*, No. 20-CV-61991, 2022 WL 329212, at *3 (S.D. Fla. Jan. 17, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 326489 (Feb. 3, 2022).

If true, Defendants' allegations are troubling. Nevertheless, the Court finds that dismissal is not appropriate at this juncture. First, as set forth above, neither perjury nor the proffering of misrepresentations to the opposing party typically constitute fraud on the court. Moreover, even assuming they did, Defendants have failed to establish that Plaintiff has committed perjury or proffered any misrepresentations. While Defendants have produced evidence that may challenge the veracity of certain allegations in Plaintiff's complaint, they have not established by clear and convincing evidence that Plaintiff's allegations are false. The fact that Defendants' other employees have never worked more than 40 hours per week calls into question Plaintiff's allegation that he consistently worked 60 hours per week, but it does not necessarily disprove it. Further, as Plaintiff acknowledges, Defendants' current employees may have felt pressure to sign these declarations in order to maintain their employment.

Moreover, Defendants have not been materially prejudiced by Plaintiff's alleged misrepresentations. Defendants have not simply accepted Plaintiff's allegations as truthful and formed a theory of the case based on those allegations. Instead, Defendants began compiling evidence to contradict Plaintiff's assertions. *See Bassett*, 2019 WL 4691824, at *2. Defendants will not be prevented from "gaining access to an impartial system of justice." *E.S.M. Grp.*, 835 F.2d at 273–74. To the contrary, Defendants will have the opportunity to collect and present any evidence that undermines Plaintiff's claims. *See Branch-Haines v. E. Coast Waffles, Inc.*, No. 1:18-cv-229-AW-GRJ, 2021 WL

5

812174, at *6 (N.D. Fla. Jan. 29, 2021) (finding there to be no meaningful claim that the defendant would not gain access to an impartial system of justice where "its independent investigation discovered Plaintiff's conduct and discrepancies well in advance of the close of discovery and, more importantly, a trial"), *report and recommendation adopted*, 2021 WL 809406 (Mar. 3, 2021). Finally, considering that dismissal is a sanction of last resort, and because Defendants failed to address the issue, the Court is not persuaded that lesser sanctions could not adequately serve the goals of punishment and deterrence.

Defendants also request an award of attorney's fees as a sanction for Plaintiff's alleged bad faith. For the reasons discussed above, Defendants have failed to establish fraud on the court or bad faith. As a result, Defendants' request for attorney's fees is denied.

### III. CONCLUSION

Accordingly, the undersigned RECOMMENDS that Defendants' Motion to Dismiss for Fraud Upon the Court and Entitlement to Attorney Fees (Doc. 16) be DENIED.

**IT IS SO REPORTED** in Tampa, Florida on January 6, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation. 11th Cir. R. 3-1.